```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA
```

AMBER D. HOOPER,              )
                              )
          Plaintiff,          )
                              )
v.                            )    Case No. CIV-12-271-RAW-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Amber D. Hooper (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 24, 1985 and was 25 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a clerical worker and worker on a chicken production line. Claimant alleges an inability to work beginning April 1, 2008 due to limitations resulting from back pain, neuropathy in her legs, back and wrist pain, diabetes, high blood pressure, depression, obesity, and

3

asthma.

**Procedural History**

On July 21, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 7, 2011, an administrative hearing was held before ALJ Osly F. Deramus by video. On January 21, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on April 23, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of sedentary work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

fully and fairly develop the record; (2) failing to consider all of Claimant's severe impairments; (3) engaging in a faulty credibility analysis; (4) reaching an improper RFC determination; and (5) making inadequate findings at step five.

**Duty to Develop the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post L4-5 laminectomy with removal of a herniated disk, no current disk herniation present throughout the lumbar spine or significant narrowing or central canal stenosis, L5-S1 central disk bulge with mild thecal sac effacement and mild bilateral neural foraminal narrowing, and obesity. (Tr. 12). He also found Claimant retained the RFC to perform sedentary work except that she can only occasionally stoop, crouch, crawl, kneel, and balance and occasionally climb stairs but can never climb ladders. (Tr. 14). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative occupations of order clerk and clerical mailer. (Tr. 19).

Claimant first contends that the ALJ should have obtained medical source statements from her treating physicians or from the consultative examiner. Claimant does not indicate which specific medical source statements should have been obtained. While Soc. Sec. R. 96-5p generally requires an adjudicator to request medical

source statements, Claimant does not cite to authority which makes it reversible error to fail to do so. As for the consultative examiner, the record contains a Physical RFC Assessment from Dr. Thurma Fiegel dated November 10, 2009. (Tr. 312-19). It is unclear from which other examiners Claimant contends a statement should have been obtained.

Claimant also asserts that the ALJ should have developed the evidence regarding Claimant's mental disorders by obtaining a consultative examination. Claimant was apparently prescribed Zoloft for mood disorder on December 8, 2010. (Tr. 340). Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention

during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

Nothing in the medical record indicates Claimant claims a mental impairment. Further, she has not received any counseling, hospitalization, or additional treatment for her mental condition. The ALJ had no further duty to investigate this condition. Hawkins v. Chater, 113 F.3d 1162, 1165 (10th Cir. 1997).

Claimant obtained a further examination report from Dr. Patricia Walz after the ALJ rendered his decision and submitted the same to the Appeals Council. The Appeals Council refused to consider the report since it did not cover the relevant time period encompassed by Claimant's applications. (Tr. 2). The Appeals Council was not required to consider Dr. Walz's report because it was not relevant to the appropriate period which the ALJ was considering. Chambers v. Barnhart, 389 F.3d 1139, 1144 (10th Cir. 2004.)

**Evaluation of Claimant's Severe Impairments**

Claimant contends her mental impairments and radiculopathy should have been determined to represent severe impairments. Again, Claimant bases her claim of mental impairments upon the report of Dr. Walz, which this Court has found the Appeals Council was not required to consider. No other evidence of a limiting mental impairment appears in the record.

Claimant was diagnosed with radiculopathy on March 31, 2008

8

prior to undergoing back surgery. (Tr. 292). On October 6, 2009, Dr. Wojciech L. Dulowski noted Claimant was complaining of some back pain which radiated to her right lower extremities after her back surgery. He also stated Claimant had good coordination, equal strength in the upper and lower extremities, and no tremor. Claimant complained of some numbness of her rights leg but no neurologic distribution. Claimant walked slowly but had good safety stability. She had some difficulty to walk on her tiptoes and heels on her right side only. The alignment of cervical, thoracic, and lumbar spines was normal. Her surgical scar was well-healed. Her range of motion was almost full on all peripheral joints of upper and lower extremities. His final assessment was history of back pain with radiculopathy. (Tr. 306-07). By December of 2009, Claimant had no neurological deficits. (Tr. 327).

A claimant bears the burden at step two to present evidence that she has a medically severe impairment or combination of impairments. Bowen v. Yuckert, 482 U.S. 137, 146 & n. 5 (1987). While the showing required is described as "de minimis," the claimant "must show more than the mere presence of a condition or ailment." Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997) (quotation omitted).

The ALJ's step two task is to determine, based on the record, whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). An impairment is "not severe if it does not significantly limit [a claimant's] ability to do basic work activities." 20 C.F.R. § 404.1521(a).

The record is devoid of any evidence that Claimant's radiculopathy impairs her ability to engage in work activities. None of the physicians' notes indicate any such limitations. No error is attributed to the omission of this condition as a severe impairment.

**Credibility Determination**

Claimant contends the ALJ erred in his credibility findings. The ALJ noted Claimant had gone extended periods without treatment. He also found Claimant had been non-compliant with her doctor's recommendations that she lose weigh, perform physical therapy at home, cease alcohol consumption, "and other advice." He found no evidence Claimant had to sit with her legs elevated as she testified. The ALJ found no evidence Claimant had limited use of her hands for fingering and manipulation as she alleged at the hearing. He noted Claimant had no regular emergency room visits, hospitalizations, ongoing physical therapy, or treatment for pain.

He found only one four day limitation upon work activity was dictated by a treating source. One treating source noted the possibility of vocational rehabilitation. He found no medical source had found medicinal side effects as Claimant asserted at the hearing. (Tr. 17).

The ALJ also found discrepancies in Claimant's testimony regarding her work history. Claimant also testified that she did not abuse alcohol while she had been admitted to a facility for that reason. At that time, she stated that she drank heavily on Sundays. (Tr. 18).

While the ALJ did employ the oft-used improper language implying that he arrived at his RFC before evaluating Claimant's testimony (Tr. 15), he went further with specificity as to the basis for his rejection of Claimant's statements of disability and limitations. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's

daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ proceeded through a detailed analysis of Claimant's testimony and the conflicting evidence which shadowed its reliability. No error is found in his credibility evaluation.

### RFC Determination

Claimant essentially repeats his contentions that limitations should have been included in the ALJ's RFC determination for her mental impairments and radiculopathy. This Court has discussed the propriety of the omission of these conditions. No further limitations or restrictions in the RFC attributable to these

conditions are necessary.

### Step Five Findings

Claimant contends the hypothetical questioning of the vocational expert was flawed since it did not include the omitted limitations which this Court has already found were proper to exclude. The questioning accurately reflected the ALJ's RFC restrictions and could be relied upon at step five.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 6th day of September, 2013.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma